Viñas, Plaintiff and Appellant, v. Gandía & Co. et al.,
Defendants and Appellees.

Appeal from the District Court of Arecibo in an Action of
Intervention in Ownership.

No. 1602.—Decided May 12, 1917.

Intervention in Ownership—Cause of Action.—A complaint of intervention in
ownership does not state a cause of action when the intervenor merely alleges
that an attached piece of property belongs to him and prays the court so to
hold.

Id.—Complaint—Abstract Question—Answer.—Although the mere allegation
of abstract questions in a complaint is not favored by the courts, if the
answer recites a history of the controversy between the parties and shows
that the defendant knew exactly what was sought by the complaint, which
is all that the law with respect to the forming of an issue requires, the answer
supplies the defects and deficiencies of the complaint and such defects and
deficiencies are cured.

Id.—Id.—Possession.—In a complaint of intervention it is not necessary to
allege that the plaintiff has been disturbed in his possession, or other similar
element.

Id.—Answer.—In an action of intervention the court is justified in overruling
a motion by the plaintiff to strike out the answer of the defendant when it
refers to the steps taken by the defendant to prove his ownership of the
attached property.

Id.—Judgment Lien—Notice.—When a judgment lien is recorded in the registry,
this is sufficient to put the intervenor on notice, even if the entry in the Index
is not as complete as it should be, and no further notice to him is necessary.

Id.—Final Judgment.—As distinguished from a non-appealable judgment, a final
judgment is the judgment of the court below.

The facts are stated in the opinion.
*Mr. Luis Mercader* for the appellant.
*Mr. Antonio Suliveres* for appellees Gandía & Co.

Mr. Justice Wolf delivered the opinion of the court.

On its merits this appeal involves an alleged conflict be-
tween the rights of two creditors. If the record and the
briefs are examined it will be seen that both the court and
counsel enter into a consideration of the real merits, although
each side raises technical questions of pleading and practice.

On behalf of the appellees it is urged, and the court
properly so found, that the complaint did not state a cause
of action. We agree with the court that an intervenor who
merely says that an attached piece of property belongs to

him and asks that the property be declared so to belong does not state a cause of action. We agree, too, with the court that a presentation of mere abstract questions will not be favored on appeal. We have however decided that when an answer supplies the defects of a complaint the said deficiencies and defects are cured. *Olivieri et al.* v. *McK. Jones,* 17 P. R. R. 1118, and cases cited; *Domínguez* v. *Porto Rico Railway Light and Power Co.,* 19 P. R. R. 1044. Here the answer showed the whole history of the controversy between the parties; namely, that the appellee had a judgment against the debtor, Francisco S. Alonso; that he recorded the same in the registry, the record being carried to the index in accordance with the law of 1906, thus creating a lien; that appellant began a suit against the same debtor and obtained a judgment without opposition; that he proceeded to execute against the said property involved in the suit, and that the same was sold to him. We cannot agree under this state of facts that appellant had no right to proceed with his action. The defendant by his answer showed that he knew exactly what was sought by the complaint and that is all that the law with respect to the forming of an issue requires.

The trial court errs in holding that the appellant had no right to bring an action to declare invalid the proceedings of the appellee with respect to the property in question whereby said appellee had obtained a recorded lien. The theory of the court was that appellant should have alleged a disturbance of his possession or some other similar element. We think a complainant, if his claim was just, had an action to remove the obstacles that stood in the way of a free enjoyment or alienation of his property. In the United States the action is familiarly known as one to remove a cloud on the title.

The appellant, against his own interest as it seems to us, if his claim was just, moved to strike out the answer. The answer stated the steps taken by appellee to reduce the

property to ownership as we have outlined and the court was justified in overruling the motion to strike.

On the merits we think the court was right. Appellees had a previous judgment, a record thereof in the registry, thus creating a lien, and by the record of the judgment the appellant was bound. It is true the entry on the index in favor of the appellees is not so complete as it should be, but there was enough to put the appellant on notice. No further notice was necessary to appellant. The situation created by the law of 1906 is very different from the cautionary notice of a suit under article 71 of the Mortgage Law.

Under the law of 1906 we hold that defects in the index, such as failure to put a dollar mark before the supposed amount of the judgment claim, could not affect appellant. The figures appeared in the index in the column reserved for that purpose.

We also agree with the appellees that Francisco Alonso and Francisco S. Alonso are for the purposes of this suit identical names.

Appellant maintains that the final judgment was the one rendered on appeal by this court affirming the judgment of the court below. On this the appellant is mistaken. In various cases we have decided that a final judgment as distinguished from a non-appealable judgment (*sentencia firme*) is the judgment of the court below. *Vázquez et al.* v. *Vázquez et al.,* 15 P. R. R. 273; *Buxó et al.* v. *Buxó et al.,* 18 P. R. R. 190; *Fajardo Sugar Company* v. *Santiago et al.,* 19 P. R. R. 1092.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.